## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

THE HULLVERSON LAW FIRM, P.C., et al.,    )
                                          )
     Plaintiffs/Counter Defendants,     )
                                          )
     v.                                 )      No. 4:12-CV-1994 CAS
                                          )
LIBERTY INSURANCE UNDERWRITERS,           )
INC.,                                     )
                                          )
     Defendant/Counter Claimant.        )

### MEMORANDUM AND ORDER

This matter is before the Court on defendant Liberty Insurance Underwriters, Inc.'s motion to dismiss Count IV of plaintiffs' complaint.  Plaintiffs oppose the motion, and defendant has filed a reply.  The matter is fully briefed and ready for decision.  For the following reasons, the Court will grant defendant's motion.

### Background

This action arises out of a policy of lawyers professional liability insurance issued by defendant Liberty Insurance Underwriters, Inc. ("Liberty") to plaintiff The Hullverson Law Firm, P.C.  In January 2012, the Hullverson Law Firm and the individual plaintiffs were sued for various activities related to the firm's advertising.  Plaintiffs denied liability in the underlying suit and requested that Liberty provide defense and indemnity pursuant to their professional liability insurance policy.  Liberty denied coverage in the underlying suit, and denied defense and indemnity to all of the plaintiffs herein.

Plaintiffs have brought a four-count complaint against Liberty.  Count I seeks declaratory relief; Count II asserts a claim for breach of the insurance contract; Count III asserts a claim for vexatious refusal to pay pursuant to Missouri Revised Statutes §§ 375.296 and 375.420; and Count IV asserts a claim for bad faith failure to defend and indemnify.  Liberty moves to dismiss Count IV

for bad faith failure to defend and indemnify, stating that it is preempted by plaintiffs' claim under Missouri's vexatious refusal to pay statute.

**Legal Standard**

On a motion to dismiss, the Court accepts as true the factual allegations contained in the complaint and grants the plaintiff the benefit of all reasonable inferences that can be drawn from those allegations.  See Lustgraaf v. Behrens, 619 F.3d 867, 872-73 (8th Cir. 2010).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

**Discussion**

In its motion to dismiss, Liberty asserts plaintiffs' claim for bad faith failure to defend and indemnify must be dismissed, because courts have consistently held that the tort of bad faith is preempted by Missouri's vexatious refusal to pay statute.  Plaintiffs counter that their claim is a third-party claim (as opposed to a first-party claim) and Missouri courts have not held that third-party claims are preempted by the vexatious refusal to pay statute.  Plaintiffs state, without factual support, that their "claims in Count IV are based on conduct distinct from conduct that merely constituted a breach of contract."  (Pls.' Resp. at 8).

Missouri law is clear that "an insurance company's denial of coverage itself is actionable only as a breach of contract and, where appropriate, a claim for vexatious refusal to pay."  Overcast v. Billings Mut. Ins. Co., 11 S.W.3d 62, 69 (Mo. 2000).  A party complaining of breach of contract cannot also bring a tort claim dependent on the same elements as the contract claim.  "An insured

cannot recast a contract claim as a . . . tort claim under Missouri law." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002).  Attaching additional tort liability to a breach of contract claim is only allowed when an independent tort has been committed against the plaintiff.  See Overcast, 11 S.W.3d at 68.  The independent tort alleged cannot be "dependent on the elements of the contract claim." Id. at 67.  Independent facts must form the basis for the tort claim to survive a motion to dismiss.

The Court must examine the facts pled in plaintiffs' cause of action for bad faith failure to defend and indemnify to those pled in its causes of action for breach of contract and vexatious refusal to pay.  See Ryann Spencer Group, Inc. v. Assurance Co. of Am., 275 S.W.3d 284, 289-90 (Mo. Ct. App. 2008).  Plaintiffs allege no independent facts in their bad faith claim.  See Complaint at ¶¶ 41-48.  They adopt and incorporate all of the facts alleged in the prior Counts I, II, and III and state that Liberty owed various common law duties to plaintiffs.  Id. at 41-45.  Plaintiffs allege that Liberty in bad faith refused to defend and indemnify plaintiffs, thereby breaching its duties of good faith and fair dealing, duty to investigate, duty to defend, and duty to indemnify.  Plaintiffs then allege corresponding damages.  Id. at ¶¶ 46-48.

Plaintiffs have failed to plead or argue any conduct in Count IV that is distinct from conduct alleged in Counts I, II, and III.  The bad faith claim is not wholly independent of their breach of contract and vexatious refusal claims.  This is not they type of independent tort claim contemplated by Overcast.  Plaintiffs have merely stated a claim for bad faith based almost wholly on Liberty's refusal to pay their insurance claim.  Missouri courts have consistently interpreted the holding in Overcast to preclude these types of claims.  See, e.g., Ryann Spencer Group, 275 S.W.3d at 290.

Plaintiffs are foreclosed from asserting their claim of bad faith failure to defend and indemnify "because the facts pled in [Count IV] are already within the causes of action for breach

of contract and vexatious refusal to pay." Champ Realty Co. v. American States Ins. Co., 2010 WL 2985676, *2 (E.D. Mo. Jul. 23, 2010) (quoting Ryann Spencer Group, 275 S.W.3d at 290).  The Court will dismiss Count IV of plaintiffs' complaint for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Liberty Insurance Underwriters, Inc.'s motion to dismiss is **GRANTED**. [Doc. 3]

An order of partial dismissal will accompany this memorandum and order.

_____

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this _____22nd_____ day of July, 2013.