UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE HULLVERSON LAW FIRM, P.C., et al., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 4:12-CV-1994 CAS<br>) |
| LIBERTY INSURANCE UNDERWRITERS, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for leave to file a first amended complaint. Defendant does not oppose the motion. For the following reasons, the motion will be granted.

Plaintiffs filed their motion for leave to amend the complaint on December 20, 2013. If allowed, plaintiffs' amended complaint would add Count V for Disciplinary Defense Cost against Defendant. As plaintiffs acknowledge, the deadline for filing a motion for leave to amend the complaint was February 19, 2013. Where a party seeks leave to amend its complaint after the deadline in the CMO has passed, Fed. R. Civ. P. 16(b)'s good-cause standard applies, not the standard of Rule 15(a). Under Rule 16(b), the party must show good cause in order to be granted leave to amend. Hartis v. Chicago Title Ins. Co., 694 F.3d 935, 948 (8th Cir. 2012); Sherman v.Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008); Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008).

The primary measure of whether good cause exists is the moving party's diligence in trying to meet the order's requirements. Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001).

Here, the plaintiffs have shown such diligence. The subject matter of Count V was not ripe for litigation in February 2013. In fact, defendant did not respond to plaintiffs' request for disciplinary defense cost reimbursement, the subject matter of Count V, until December 19, 2013. Plaintiffs filed their motion for leave to amend the complaint the very next day. For the reasons stated in plaintiffs' motion and for good cause shown, the Court will grant plaintiffs' motion for leave to amend the complaint.

Pending before the Court are the parties cross-motions for summary judgment as to the original complaint. The amended complaint supercedes the original complaint and renders it without legal effect. See In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000). As a result, pending motions pertaining to the original complaint should be denied as moot, see Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002), without prejudice to the filing of motions concerning the amended complaint. Therefore, the Court will deny as moot without prejudice to refiling the parties' cross-motions for summary judgment. The Court will order the parties to refile their cross-motions for summary judgment as to the first amended complaint. The Court will order an abbreviated briefing schedule.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for leave to file a first amended complaint is **GRANTED**. [Doc. 42]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall detach and docket the first amended complaint which was submitted as an attachment to plaintiffs' motion for leave.

**IT IS FURTHER ORDERED** that plaintiffs' motion for summary judgment and defendant's cross-motion for summary judgment are **DENIED as moot without prejudice to refiling**. [Docs. 22 and 27]

**IT IS FURTHER ORDERED** that the parties motions for summary judgment as to the first amended complaint shall be filed by January 24, 2014; responses shall be filed by January 31, 2014; and reply briefs shall be filed by February 7, 2014.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of January, 2014.